IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISON

| | | |
|---|---|---|
| JAI DINING SERVICES (ODESSA), INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | |
| THE CITY OF ODESSA, TEXAS, MICHAEL GERKE, THE CHIEF OF POLICE OF THE ODESSA POLICE DEPARTMENT, in his individual and official capacity, AND UNNAMED POLICE OFFICERS, in their individual and official capacities, | § § § § § § § § § § | CIVIL ACTION NO. 7:22-cv-00159 |
| *Defendants.* | § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff JAI Dining Services (Odessa), Inc. ("Jaguars Odessa") files this Verified Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "Complaint") against the City of Odessa, Texas, Michael Gerke, the Chief of Police of the Odessa Police Department, in his individual and official capacity, and Unnamed Police Officers in their individual and official capacities.

**NATURE OF SUIT**

1. This is an action for money damages, declaratory judgment, and injunctive relief brought pursuant to 42 U.S.C. § 1983 for violations of the First and Fourth Amendment protections against unconstitutional searches and seizures, as well as violating Plaintiff's Substantive Due Process rights and rights to free speech.

## PARTIES

2. Plaintiff JAI Dining Services (Odessa), Inc. is a Texas Corporation doing business in Ector County, Texas.

3. Defendant City of Odessa is a municipality organized under the laws and the Constitution of Texas. It may be served through the City of Odessa City Secretary, Norma Aguilar-Grimaldo, 411 W 8th Street, Odessa, Texas 779761.

4. Defendant Michael Gerke, sued in his individual and official capacity, is the Chief of Police for the City of Odessa Police Department and may be served with process at the Odessa Poice Department, 205 N. Grant Ave., Odessa Texas 79761.

5. Defendant City of Odessa Police Department is an agency of the City of Odessa.

6. Defendants unnamed Odessa Police Department Officers may be served wherever they may be found.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to the following statutory and common law claims:

    (a) Defendants' acts, omissions, and wrongful conduct are violations of the First and Fourth Amendments of the United States Constitution;

    (b) Defendants' acts, omissions, and wrongful conduct violate Plaintiff's civil rights and are actionable pursuant to 42 U.S.C. § 1983.

8. Under 28 U.S.C. § 1331, this Court has original jurisdiction over all civil matters arising under the laws of the United States.

9. Plaintiff is a business incorporated and doing business in Ector County and the State of Texas. The principal activities complained of occurred within or were originated from Ector County, Texas. Therefore, venue is proper in this Court.

## FACTS

10.     Jaguars Odessa has been legally operating as a Gentleman's Club in Ector County for many years and has complied with all applicable regulations governing Sexually Oriented Businesses within the County and under Texas law. Effective as of December 27, 2018, the City of Odessa annexed Industrial District No. 3, which includes 6824 Cargo Road, Odessa, Texas 79762, the location of Jaguars Odessa, a Gentlemen's Club.

11.     Immediately prior to annexation, Jaguars Odessa operated lawfully and in compliance with all Ector County regulations governing sexually oriented businesses. However, Odessa law enforcement has continuously harassed Jaguars Odessa in the efforts to enforce Odessa City Ordinance 2020-13 (the "Ordinance") although enforcement is precluded.

12.     On the early morning of July 11, 2022, the City of Odessa Police Department entered Jaguars Odessa and arrested several employees and dancers claiming to be in violation of the Ordinance, alleging they are operating as a Sexually Oriented Business. Odessa law enforcement also searched the premises and seized Jaguars Odessa's property consisting of five (5) Digital Video Recorders and four (4) computer towers. (Exhibit A, Declaration of Vincente Alvarez, ¶ 4). Odessa law enforcement continues to threaten arrests of the employees and dancers of Jaguars Odessa if they continue business operations. (Exhibit A, Declaration of Vincente Alvarez, ¶ 5; Exhibit B, Declaration of Anthony Rodriguez, ¶ 5). Furthermore, representatives of the City of Odessa Police Department have informed the employees and dancers of Jaguars Odessa that if they were to be arrested again, their bond will be revoked, and they will be detained until their court date. (Exhibit B, Declaration of Anthony Rodriguez, ¶ 5).

13.     Since July 11, 2022, Jaguars Odessa has ceased operations and continues to be closed due to the ongoing threats of arrests by the City of Odessa Police Department.

14. This conduct is extreme and egregious, it unlawfully ceases the business operations of Jaguars Odessa, and adds to the list of targeted harassment from Odessa law enforcement dating back to 2018.

15. Since that time, Odessa law enforcement has harassed Jaguars Odessa's customers as they leave the club by shining lights into their faces and into their vehicles, they have entered the club in uniform and walked the floor numerous times during business hours, and have committed various other forms of harassment.

16. These acts of harassment stem from the Defendants' belief that Jaguars Odessa is operating as a Sexually Oriented Business. However, pursuant to the Local Government Code and by the City of Odessa's own admission, Odessa City Ordinance 2020-13 does not apply to Jaguars Odessa as it is not operating as a Sexually Oriented Business.

17. Odessa City Ordinance 2020-13 defines a Sexually Oriented Business as "a sex parlor, nude studio, modeling studio, love parlor, adult bookstore, adult movie theater, adult video arcade, adult movie arcade, adult video store, adult motel, or other commercial enterprise the primary business of which is the offering of a service or the selling, renting, or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer." *See* Odessa City Ordinance 2020-13 § 4-5-2(l).

18. The Ordinance further defines an Adult Cabaret as "a nightclub, bar, restaurant, or similar commercial establishment which regularly features: (i) persons who appear ***in a state of nudity***; (ii) live performances which are characterized by the ***exposure of specified anatomical areas or by specified sexual activities***; or (iii) films, motion pictures, video cassettes, slides, or other photographic reproductions which are characterized by the depictions of descriptions of specified

sexual activities or specified anatomical areas." *See* Odessa City Ordinance 2020-13 § 4-5-2(l)(1)(C) (emphasis added).

19. Per the Ordinance, nudity refers to "the appearance of a human bare buttock, anus, genitalia, pubic region, or breast," and semi-nude is defined as being "clothed in a manner that leaves uncovered or visible through less than fully opaque clothing any portion of the breasts below the top of the areola of the breasts, if the person is female or male, or any portion of the genitals or buttocks." *See* Odessa City Ordinance 2020-13 § 4-5-2(h).

20. Finally, the Ordinance states that specified anatomical areas include "the human genitals, anus, pubic region, areolas, and any part of the female/male breast," and specified sexual activities include "(1) the fondling or other erotic touching of human genitals, pubic region, buttocks, anus, or breast; (2) sex acts, normal or perverted, actual or simulated, including intercourse, oral copulation, or sodomy; (3) masturbation, actual or simulated; or (4) excretory functions as part of or in connection with any of the activities set forth in subsections (1) through (3) above." *See* Odessa City Ordinance 2020-13 § 4-5-2(m).

21. In all ways, Jaguars Odessa does not qualify as a Sexually Oriented Business and is not subject to the regulations of Odessa City Ordinance 2020-13.

22. Jaguars Odessa has operated as a bikini bar since June of 2021, meaning all dancers wear boy shorts and bikini tops during their performances. (Exhibit A, Declaration of Vincente Alvarez, ¶ 2; Exhibit B, Declaration of Anthony Rodriguez, ¶ 2; Exhibit C, Declaration of Luis Carrizoza, ¶ 2). At no point do any dancers appear in a state of nudity, expose specified anatomical areas, or perform specified sexual activities at Jaguars Odessa. (Exhibit A, Declaration of Vincente Alvarez, ¶ 3; Exhibit B, Declaration of Anthony Rodriguez, ¶ 3; Exhibit C, Declaration of Luis Carrizoza, ¶ 4). If any of the dancers were out of dress code, they were

immediately sent to change by Jaguars Odessa's staff. (Exhibit A, Declaration of Vincente Alvarez, ¶ 3; Exhibit B, Declaration of Anthony Rodriguez, ¶ 3; Exhibit C, Declaration of Luis Carrizoza, ¶ 4).

23. Nonetheless, Defendants have threatened that arrests would continue to occur as a result of continued operations. (Exhibit A, Declaration of Vincente Alvarez, ¶ 5; Exhibit B, Declaration of Anthony Rodriguez, ¶ 5). In an effort to comply with the allegations of Odessa law enforcement after the arrests on July 11, 2022, employees of Jaguars Odessa made attempts to renew and apply for a Sexually Oriented Business permit, however, the City of Odessa Police Department directly stated they will not renew or issue any Sexually Oriented Business permits to the management or staff of Jaguars Odessa. (Exhibit B, Declaration of Anthony Rodriguez, ¶ 4; Exhibit C, Declaration of Luis Carrizoza, ¶ 5).

24. In sum, the City of Odessa Police Department has unlawfully shut down Jaguars Odessa, arrested several employees and dancers, and continues to threaten further arrests if business continues because of allegations that they are in violation of Odessa City Ordinance 2020-13. However, the City of Odessa Police Department also refuses to renew or issue any Sexually Oriented Business permits to management and staff of Jaguars Odessa. This type of unlawful restraint on a business should be prohibited.

25. The reality is, Jaguars Odessa is a proper Gentleman's Club within the plain language of the applicable regulations governing Sexually Oriented Businesses within Ector County and pursuant to Texas law. Jaguars Odessa was operating lawfully when the Defendants arrested several employees and shut down the business. Jaguars Odessa has as much of a right to open as any other gentleman's club in the State of Texas and the Defendants' repeated harassment and continued threats of arrests is completely unlawful.

## CAUSES OF ACTION

26. 42 U.S.C. § 1983 provides that a person who, acting under color of law, subjects or causes to be subjected any United States citizen to the deprivation of any rights, privileges, or immunities secured by the United States Constitution, shall be liable to the party injured in an action at law.

27. At all relevant times and regarding all relevant actions of the Defendants as alleged in this Complaint, the Defendants were acting in their official capacities, under color of state law, and pursuant to the official policies, practices and customs of the governmental agencies or entities which the Defendants respectively represent.

28. Defendants, acting under color of law, have subjected and caused Plaintiff to be subjected to the deprivation of its rights, privileges, or immunities as secured by the First, Fourth and Fourteenth Amendments.

29. Specifically, Defendants have violated Plaintiff's civil rights and Plaintiff's right to due process of law by intimidating and harassing, its patrons, employees, and dancers, by shutting down the business without legal basis, by arresting its employees and dancers unlawfully, and by continuing threats of unlawful arrests.

**Violation of the First Amendment**

30. The First Amendment guarantees the right to free expression and association. U.S. CONST. AMEND. I.

31. The business offers protected expression, *i.e.*, erotic dancing. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000). Implicit in the right to engage in First Amendment-protected activities is "a corresponding right to associate with others in pursuit of a wide variety of political, social,

economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).

32. "When public officials are given the power to deny use of a forum in advance of actual expression … the danger of prior restraints exists." *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004). Expression loses its meaning with no audience. Deterring and limiting patrons' right of access to protected expression naturally and necessarily impinges upon the rights of those performing the protected expression and those seeking to engage in such communicative activities. *Virginia v. American Booksellers Ass'n, Inc*., 484 U.S. 383, 392-94 (1988) (observing that vendors of adult entertainment have standing to assert First Amendment rights of their patrons generally).

33. The pervasive presence of uniformed officers and patrol vehicles on the business's property, in full view of patrons and others, operates to send a clear message that their mere presence at the business will subject them to temporary detentions, police investigation, and potentially criminal prosecution. *See, e.g., Bee See Books, Inc. v. Leary*, 291 F.Supp. 622 (S.D.N.Y.1968).

**Violation of the Fourth Amendment**

34. The Fourth Amendment guarantees that the people shall be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. The Fourth Amendment guarantees to citizens the right to be free from arbitrary invasions at the unfettered discretion of officers in the field.

35. Jaguars Odessa further asserts Defendants' violations of the Fourth and Fourteenth Amendment on behalf of its patrons, guests, workers and visitors because special circumstances exist that preclude third-parties from effectively vindicating their rights. Jaguars Odessa has a

sufficiently concrete interest in the outcome because it suffers economic injury through constriction of its market or function. The patrons or would be patrons of Jaguars Odessa who continuously face the chilling effect of harassment by armed law enforcement officers suffer the deprivation of their rights. *See Powers v. Ohio*, 499 U.S. 400 (1991); *Craig v. Boren,* 429 U.S. 190 (1976) ("[V]endors and those in like positions have been uniformly permitted to resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function").

**Violation of the Fifth and Fourteenth Amendments**

36. The Fourteenth Amendment provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects the individual against arbitrary action of government. U.S. CONST. Amend. XIV. Likewise, the Fifth Amendment to the Constitution provides, in part, that "no person shall be ... deprived of life, liberty, or property, without due process of law." U.S. CONST. Amend. V.

37. Due process is a flexible inquiry that, at a minimum, requires notice and the opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). The Constitution requires notice and "some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). "If … the state is able to provide the affected individual with a hearing before the deprivation occurs, due process usually requires that the state do so." *Augustine v. Doe*, 740 F.2d 322, 327–28 (5th Cir.1984).

38. Plaintiff has a constitutionally protected property interest in operating its business. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221 (5th Cir. 2012) (recognizing that plaintiff's "ability to operate her business, which, as we have stated, is recognized by courts as an important

right"). Additionally, Plaintiff has a constitutionally protected right to be free from seizure of its property without probable cause or adequate justification. *See* U.S. CONST. Amend. IV, V.

39.	These interests are significant. The loss of the ability to reopen Jaguars Odessa in light of Defendants' threats and actions imperils Plaintiff's very right to exist and continue business operations. Defendants deprived Plaintiff of these rights under color of law and without due process of law.

40.	Defendants were in a position to provide for pre-deprivation process. Defendants cannot claim that the deprivation in this matter was entirely unforeseeable, random, or unpredictable at a given point in time. *See Zinermon,* 494 U.S. at 136. In light of the Ordinance's language and pursuant to the Local Government Code and the City of Odessa's own admission, it was hardly unforeseeable that Jaguars Odessa could reasonably conclude that it could lawfully continue business operations as it has done so.

41.	Municipal officials, authorized to enforce the Odessa City Ordinance 2020-13, could have easily foreseen the need to first obtain clarity regarding any doubts about the application, scope, and enforcement of the Ordinance in light of Plaintiff's continued business operations since the Ordinance came into effect. *See Zinermon,* 494 U.S. at 136. Instead, Defendants repeatedly harass and threaten representatives of Plaintiff despite the Ordinance being precluded from enforcement against Plaintiff.

42.	In truth, a pre-deprivation hearing was entirely practicable. As mentioned, Plaintiff had been operating since the enactment of the Ordinance. Defendants obviously had knowledge of Plaintiff's continued business operations as demonstrated in the constant appearance of Odessa law enforcement at Jaguars Odessa.

43. The shock-and-awe tactics of law enforcement foreclosed Plaintiff's opportunity to be heard. The cost of taking such on-the-fly action clearly outweighs the benefit of utilizing advance notice or procedural safeguards of any sort. "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221 (5th Cir. 2012) (Observing that the municipality "did not provide *any* process prior to revoking [plainitff's] permits, which increases the risk of an erroneous deprivation, and means that any procedural safeguards would be highly valuable").

44. Defendants' have no statutory basis (under the Texas Penal Code or otherwise) to harass and arrest Jaguars Odessa employees and dancers, to continue threats of arrests, or to close the Jaguars Odessa's operations.

45. These actions are arbitrary, capricious, and shock the conscience. These actions are also procedurally deficient and an arbitrary taking and violate Plaintiff's right to due process. U.S. CONST. AMEND. IV.

## REQUEST FOR DECLARATORY RELIEF

46. Jaguars Odessa seeks to have this Court declare the rights and legal relations of Jaguars Odessa and the Defendants with respect to relevant provisions of the Odessa City Ordinance, Texas law, and the U.S. Constitution. *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 561 U.S. 661, 673 (2010) (section 1983 suit brought for violations of First and Fourteenth Amendments sought injunctive and declaratory relief). Specifically, Jaguars Odessa seeks a declaratory judgment that Defendants' actions:

   a. Constitute an unlawful attempt to regulate expressions protected pursuant to the First and Fourteenth Amendments of the Federal Constitution as it relates to the operations of Jaguars Odessa;

b.  Constitute a denial of equal protection pursuant to the Fifth and Fourteenth Amendments of the Federal Constitution as it relates to the operations of Jaguars Odessa; and

c.  Constitute a denial of the Due Process of Law pursuant to the Fifth and Fourteenth Amendments of the Federal Constitution as it relates to the operations of Jaguars Odessa.

## DAMAGES

47.  As a result of Defendants' actions, Jaguars Odessa has been damaged in an amount that exceeds this Court's minimal jurisdictional limit. Accordingly, Jaguars Odessa requests all actual damages resulting from, or proximately caused by Defendants' actions as described in this Complaint, including attorneys' fees incurred to mitigate damages caused by Defendants' actions. Jaguars Odessa also requests all consequential, out-of-pocket or reliance, lost profits, restitution, goodwill or business reputation, and loss-of-use damages. Jaguars Odessa also requests pre-judgment and post-judgment interest on any award of damages along with its costs of court.

## ATTORNEYS' FEES

48.  Jaguars Odessa requests payment of its reasonable attorneys' fees and costs. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c).

## APPLICATION FOR INJUNCTIVE RELIEF

49.  Jaguars Odessa seeks a Temporary Restraining Order, Preliminary and Permanent Injunctions order prohibiting Defendants as follows:

a.  Defendants are prohibited from arresting any employee or representative of Jaguars Odessa for conducting Operations;

b.  Defendants are prohibited from maintaining a physical presence at the Jaguars Odessa or within 400 meters of the premises for longer than thirty minutes unless investigating criminal activity with probable cause;

    c. Defendants are prohibited from closing or attempting to close Jaguars Odessa under color of Odessa City Ordinance 2020-13;

    d. Defendants shall release the property seized on July 11, 2022 consisting of five (5) Digital Video Recorders and four (4) computer towers within three (3) days of the date of this Order;

    e. Defendants shall produce all documents and communications relating to investigations of Jaguars Odessa, and shall produce them five days before the hearing on Plaintiff's temporary injunction; and

    f. Defendants shall produce a privilege log and articulate the legal basis for any privilege they assert for all documents withheld from subsection e. above, and shall produce it five days before the hearing on Plaintiff's temporary injunction.

50. Jaguars Odessa is entitled to injunctive relief because it has (1) a substantial likelihood of success on the merits; (2) Defendants' conduct presents a substantial threat that it will suffer irreparable injury absent the injunction; (3) this threatened injury outweighs any harm the injunction might cause the Defendants; and (4) the injunction will not impair the public interest.

51. Absent an injunction, Plaintiff will suffer irreparable injury because Jaguars Odessa has ceased operations since July 11, 2022 and will continue to cease operations due to the ongoing threats of arrests by the City of Odessa Police Department. Businesses have a right to transact lawful business. The loss of constitutional freedoms for "even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

52. Monetary relief is insufficient as a matter of law because the harm Plaintiff will suffer between now and trial if not allowed to operate will result in the loss of business.

53. An injunction will not significantly burden any of the Defendants' interests because nothing in the injunction in any way inhibits Defendants' legal law enforcement function. Indeed, the public interest favors the issuance of injunctive relief to protect the constitutional rights at stake in this case.

## **CONDITIONS PRECEDENT**

All conditions precedent have been performed or have occurred.

## **PRAYER**

WHEREFORE, Jaguars Odessa respectfully request judgment be entered in its favor awarding;

a. Monetary damages;

b. Declaratory judgment;

c. Injunctive relief;

d. Prejudgment and post-judgment interest as allowed by law;

e. Attorneys' fees;

f. Expert fees;

g. Costs of suit; and

h. All other relief, in law and in equity, to which plaintiff may be entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 600-0034
cwallace@wallaceallen.com

**LEAD COUNSEL FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**
Benjamin W. Allen
State Bar No. 24069288
William X. King
State Bar No. 24072496
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com
wking@wallaceallen.com